UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN J. BALLENTINE,

                    Plaintiff,

          -against-

BRONX CARE MEDICAL CENTER,

                    Defendant.

24-CV-5480 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C.§ 1983 and federal criminal statutes, alleging that Defendant violated his federally protected rights. By order dated September 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. Plaintiff "became a patient of" Bronx Care Medical Center in early 2014. (ECF 1 ¶ III.) He alleges that he

> witnessed things that have left me changed, and traumatized and I currently am in additional treatment to help cope with the psychological abuse, neglect, over medication, and over diagnosis, and outright fraud by the providers at this facility. They on many occasions, gave me treatments that were not only unjustifiable to my current condition being treated, but they would also fabricate when needed, "evidence," to support their claims for what can only be defined as cruel and inhuman treatment to help "treat my severe condition."[1]

(*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

According to Plaintiff, "many of the providers at this facility are more interested in 'numbers' and 'reimbursements' than providing accurate, and evidence based treatment, and they "prey on unsuspecting patients who go there to get help for various ailments, and then when they leave from their appointments they are often made fun of and berated by the staff and outright laughed at amongst the 'coworkers there.'" (*Id.*) Plaintiff further claims that they "have made statements in my health care record that are not only patently untrue, exaggerated, or outright misrepresentation of my true health condition, seemingly to get my insurance to reimburse." (*Id.*)[2]

Plaintiff invokes Section 1983, and 18 U.S.C. §§ 1028 and § 1347, and seeks money damages. (*Id.* ¶ IV.)

## DISCUSSION

### A.    42 U.S.C. Section 1983

Plaintiff invokes 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Specifically, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood*

---

[2] In addition to this complaint, Plaintiff has filed six other *pro se* complaints in 2024. *See Ballentine v. State of New York*, ECF 1:24-CV-04615 (S.D.N.Y. filed June 17, 2024); *Ballentine v. Google LLC*, ECF 1:24-CV-4699 (S.D.N.Y. June 18, 2024) *Ballentine v. Credit One Bank N.A.*, ECF 1:24-CV-4710 (S.D.N.Y. June 18, 2024); *Ballentine v. Verizon Comm'ns, Inc.*, ECF 1:23-CV-4903 (S.D.N.Y. filed June 25, 2024); *Ballentine v. Yahoo, Inc.*, ECF 1:24-CV-5253 (S.D.N.Y. July 7, 2024); *Ballentine v. NYCPD*, ECF 1:24-CV-6121 (S.D.N.Y. filed Aug. 6, 2024).

*Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Defendant Bronx Care Medical Center is a private hospital, and therefore cannot be held liable under Section 1983. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (finding that a private hospital and its staff are not state actors under Section 1983); *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (summary order) (noting that private institutions, such as hospitals, generally do not act under color of state law); *Johnson v. City of New York*, No. 20-CV-3083 (GBD) (DCM), 2021 WL 4896477, at *9 (S.D.N.Y. Aug. 23, 2021) (noting that "[a]lthough private hospitals are regulated by the state and required to obey state laws, they 'are generally not proper § 1983 defendants because they do not act under color of state law.'") (citation omitted)), *report & recommendation adopted*, 2021 WL 4479384 (S.D.N.Y. Sept. 30, 2021). Plaintiff therefore fails to state a Section 1983 claim against this defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    Federal Criminal Statutes

Plaintiff invokes federal criminal statutes, however, a private citizen cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims in which Plaintiff seeks the criminal prosecution of Defendant for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.      **State-law Claims**

Plaintiff's complaint may be construed as asserting state-law claims. A district court may

decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all

claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the

federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims

remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v.

Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court

has original jurisdiction, the Court declines at this stage to exercise its supplemental jurisdiction

of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*,

455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature

of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse

its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and

in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint to

detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court declines at this state to exercise its supplemental jurisdiction, pursuant to 28 U.S.C. § 1983, of any state-law claims Plaintiff may wish to assert.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    October 28, 2024
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:   □ Yes      □ No
                    (check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name _____

                  Street Address _____

                  County, City _____

                  State & Zip Code _____

                  Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                              1

Defendant No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? | _____ |

_____
_____

| Who did what? | _____ |

_____
_____

_____

| Was anyone else involved? | _____ |

_____
_____

| Who else saw what happened? | _____ |

_____
_____
_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Mailing Address    _____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number    _____

*Rev. 12/2009*                                         4